**Order entered October 16, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00595-CV

**BILLY SCHOPPE AND CANDACE SCHOPPE, Appellants**

**V.**

**DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN STANLEY LOAN TRUST 2005-7 AND WELLS FARGO BANK, N.A., Appellees**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-09-10731**

## ORDER

During rebuttal at the oral argument for this appeal on October 8, 2013, counsel for appellants Billy Schoppe and Candace Schoppe represented to and advised this Court, for the first time, that appellants filed for Chapter 13 bankruptcy after the final judgment in this case was signed. In response to inquiry by this Court, counsel for appellants represented there had been no notice of the bankruptcy sent to this Court prior to this statement at oral submission.

The record reflects the final judgment was signed by the trial judge on April 26, 2012. The notice of appeal was filed on May 4, 2012. According to the representation of counsel for appellants, a Chapter 13 plan was confirmed while this appeal was pending, the plan addressed the status of this case, including appellants' obligations to appellees Deutsche Bank National

Trust Company as Trustee for Morgan Stanley Loan Trust 2005-7 and Wells Fargo Bank, N.A., and the confirmed plan granted relief from the automatic stay permitting this appeal to proceed. *See* TEX. R. APP. P. 8.1, 8.2; 11 U.S.C.A. 362(a). Counsel for appellees stated they had no personal knowledge of the bankruptcy proceedings.

On October 9, 2013, appellants filed a document entitled "Appellants' Filing of Order Confirming Chapter 13 Plan." Attached to that document is a certified copy of the order confirming the Chapter 13 plan. The Chapter 13 bankruptcy case is styled "In re Billy Wayland Schoppe, " case no. 12-41768, and is before the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division. Nothing in the certified bankruptcy court order states when the bankruptcy petition was filed. Counsel for appellants' representation at oral submission and the certified order confirming the Chapter 13 plan do not satisfy the notice requirement of rule 8.1.[1]

In appellants' document filed on October 9, 2013, appellants direct us to the following language in the certified plan to support their claim that this appeal may proceed:

> The Debtor is currently in litigation with the lender secured by his home. Notwithstanding any other provision of this plan, and because of this dispute, this plan does not propose that the Debtor make monthly direct payments to Deutsche Bank/Americas Servicing during the pendency of the litigation.

However, Texas Rule of Appellate Procedure 8.3 provides that "a party may move that the appellate court reinstate the appeal if permitted by federal law or the bankruptcy court. If the bankruptcy court has lifted or terminated the stay, a certified copy of the order must be attached to the motion." *See* TEX. R. APP. P. 8.3(a). The above language in the confirmed plan does not contain a clear statement indicating that "the bankruptcy court has lifted or terminated the stay."

---

[1] Texas Rule of Appellate Procedure 8.1 requires a party to file a notice that contains (a) the bankrupt parties names, (b) the court in which the bankruptcy proceeding is pending, (c) the bankruptcy proceeding's style and case number, and (d) the date when the bankruptcy petition was filed. *See* TEX. R. APP. P. 8.1.

–2–

As an alternative basis for urging us to proceed with this appeal, appellants contend in the October 9, 2013 document that they did not file a notice of bankruptcy because the automatic stay does not reach causes of action prosecuted by a borrower pursuant to *In re U.S. Abatement*, 39 F.3d 563, 568 (5th Cir. 1994). However, the notice requirement of Texas Rule of Appellate Procedure 8.1 does not contain such an exception.

This Court is concerned that counsel for appellants just now, long after the notice of appeal was filed, has represented that a bankruptcy proceeding was filed by appellants. In order that this appeal proceeds according to the rules, we must require appellants to file a notice of bankruptcy in compliance with rule 8.1. *See* TEX. R. APP. P. 8.1. However, in this case, we require more information than specified in rule 8.1. The plan makes no clear statement and under applicable law, this appeal may not proceed unless the automatic stay has been lifted or modified. *See* TEX. R. APP. P. 8.3.

Accordingly, the Court **ORDERS** appellants to file a notice of bankruptcy in compliance with Texas Rule of Appellate Procedure 8.1 on or before October 24, 2013.

The Court further **ORDERS** appellees to file on or before October 24, 2013, a response to appellants' document filed on October 9, 2013, where appellants advise this Court that it was unnecessary for appellants to obtain relief from the automatic bankruptcy stay in order for this appeal to proceed.

/s/     JIM MOSELEY
        PRESIDING JUSTICE

–3–